WESTERN DISTRICT COURT: NEW YORK
UNITED STATES OF AMERICA

WILLIAM CUEBAS,

        Plaintiff.

                                   **COMPLAINT**

vs.

CITY OF BUFFALO and
CITY OF BUFFALO POLICE OFFICERS JAMES D. MATYJASIK, DANIEL CARLSON,
LT. DAVID BARCZAK, DET. ANTHONY D'AGUSTINO, DET. ROBERT STATES, PO
MARK ANDRZEJAK (AIU), AND PO ROSCOE HENDERSON

           Defendants.

## Jury Demand

Trial by Jury on all issues is demanded.

## Preliminary Introduction

1.      This is a combined state and federal action arising from civil rights violations suffered by Plaintiff William Cuebas on May 25, 2025. The federal claims are brought under 42 U.S.C. § 1983 against all Defendants. The state common law claims for battery, assault, and false imprisonment are also brought against all Defendants. Plaintiff further asserts claims for deprivation of civil rights under both the New York State Constitution and the United States Constitution. These claims include but are not limited to violations of Plaintiff's rights to be free from unlawful searches and seizures, excessive force, unlawful detention, and malicious prosecution. Plaintiff seeks damages for personal injuries, including but not limited to medical expenses, consequential damages, pain and suffering, and mental anguish against all Defendants.

**Parties**

2.        Plaintiff, WILLIAM CUEBAS, currently resides and did reside at all times relevant to these proceedings at 169 Ingham Ave, Lackawanna, New York 14218, located within the County of Erie and the State of New York.

3.        Upon information and belief, Defendant OFFICER JAMES D. MATYJASIK is employed by the City of Buffalo Police Department and was acting in such capacity during the events which give rise to this lawsuit.

4.        Upon information and belief, Defendant OFFICER DANIEL CARLSON is employed by the City of Buffalo Police Department and was acting in such capacity during the events which give rise to this lawsuit.

5.        Upon information and belief, Defendant LIEUTENANT DAVID BARCZAK is employed by the City of Buffalo Police Department and was acting in such capacity during the events which give rise to this lawsuit.

6.        Upon information and belief, Defendant DETECTIVE ANTHONY D'AGUSTINO is employed by the City of Buffalo Police Department and was acting in such capacity during the events which give rise to this lawsuit.

7.        Upon information and belief, Defendant DETECTIVE ROBERT STATES is employed by the City of Buffalo Police Department and was acting in such capacity during the events which give rise to this lawsuit.

8.        Upon information and belief, Defendant OFFICER MARK ANDRZEJAK is employed by the City of Buffalo Police Department and was acting in such capacity during the events which give rise to this lawsuit.

9.        Upon information and belief, Defendant OFFICER ROSCOE HENDERSON is employed by the City of Buffalo Police Department and was acting in such capacity during the events which give rise to this lawsuit.

10.       Upon information and belief, the CITY OF BUFFALO, is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

## Jurisdiction

11.      Plaintiff brings this action to recover damages for the violation of his civil rights under the Fourth Amendment of the United States Constitution, codified at 42 U.S.C. § 1983 and as bestowed upon the states and its citizens through the Due Process Clause by the Fourteenth Amendment of the United States Constitution.

12.      Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1332 (federal question), § 1343 (civil rights), and § 1367 (supplemental jurisdiction).

13.      Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. § 2201 and § 2202.

14.      Compensatory and Punitive damages are sought pursuant to 42 U.S.C. § 1983, including but not limited to Plaintiff' lost wages, loss of consortium, and the loss of Plaintiff' liberty and freedom pursuant to the illegal and unlawful conduct of the Defendants.

15.      Costs and Attorney's fees may be awarded pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. Rule 54.

16.      As mandated by the Supremacy Clause, in relations to actions brought pursuant to 42 U.S.C. § 1983, Plaintiff does not have to comply with Municipal Law Section 50-e with regard to filing a Notice of Claim with regard to Federal Causes of Action.

17.      Notwithstanding the same, Plaintiff did file a notice of claim on or about August 22 2025. At least thirty days elapsed since the notice of claim was filed and before this complaint was filed; and in that time, the Defendants have neglected or refused to satisfy the claim." Coggins v. Cty. Of Nassau, 988 F. Supp. 2d 231, 251 (EDNY 2013).

18.      At all times here mentioned, Defendants were acting under the color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## Venue

19.      This action properly lies within the Western District of New York, pursuant to 28 U.S.C. § 1343(3), because the claims arose in this judicial district and the Defendants reside in and/or do business in Erie County.

**Factual Background**

20.    At approximately 3:19 PM on May 25, 2025, the Plaintiff was riding a four-wheeler, aka an All Terrain Vehicle (ATV) alongside family and friends on or around Tifft Street in Buffalo, New York. Plaintiff had been traveling along nearby trails and was heading home. Shortly before the incident, Plaintiff fell behind the rest of the group after stopping to retrieve gloves he had dropped. He then pulled up onto the sidewalk near Tifft Street, where his cousin, Carlos Rodriguez, was waiting for him on a motorcycle.

21.    While Plaintiff was stopped and speaking with Mr. Rodriguez, Plaintiff observed police vehicles traveling along Hopkins Street toward Tifft Street, appearing to pursue other motorists further down the block. Plaintiff's attention was momentarily drawn to that police activity. At or about that time, an unmarked police vehicle abruptly pulled to Plaintiff and Mr. Rodriguez and stopped immediately in front of them.

22.    Two individuals exited the unmarked vehicle and rushed toward Plaintiff. These individuals were wearing regular clothing with plain vests and did not clearly identify themselves as police officers at that moment, either verbally or through visible insignia.

23.    Startled and frightened by the sudden approach of unidentified individuals, Plaintiff reflexively released the clutch on his ATV, while his foot was still on the gas pedal, causing it to lurch forward. The ATV made slight contact with the open door of the unmarked police vehicle before shutting off. At no point were any officers endangered.

24.    Plaintiff was then instructed to get off the ATV and to turn around. Plaintiff immediately complied by jumping off the ATV and raising his hands in the air. It was at this time that Plaintiff was made aware that the vehicle in question was an unmarked police vehicle and the individuals who jumped out at him were police officers.

25.    Once Plaintiff turned around, he was initially seized by one of the non-uniformed officers while at least one other officer began striking him with closed fists. Almost simultaneously, uniformed officers arrived on the scene behind Plaintiff and Mr. Rodriguez in a marked police vehicle.

26.    Plaintiff was punched repeatedly in the face and upper body. Plaintiff did not resist, attempt to flee, or make any threatening movements.

27.    During this flurry of force, an officer shouted for Plaintiff to get on the ground. However, Plaintiff had no meaningful opportunity to comply with any commands, as he was being physically restrained and punched. At some point during the assault, Plaintiff was either forced to the ground by officers or fell to the ground as a result of the blows. It is unclear which occurred because the force was continuous and overwhelming.

28.    Once Plaintiff was on the ground, officers continued to punch him. The beating lasted approximately 20 to 30 seconds, ending only when an officer called out for Plaintiff to be handcuffed.

29.    Plaintiff's cousin, Carlos Rodriguez, witnessed the entire assault. After the beating, officers threatened Mr. Rodriguez and told him to leave the area or he would be "next," causing him to fear for his safety and depart.

30.    After beating the Plaintiff, an Officer then drove around the Plaintiff's four-wheeler on a joyride. Another one picked up Plaintiff's phone when it rang and told Plaintiff's girlfriend that "he (Plaintiff) was with another bitch."

31.    Plaintiff was arrested and placed in the back of a police vehicle, though he was not clearly informed at that time of the specific reason for his arrest.

32.    Whilst in the back of the police vehicle, Plaintiff complained to officers that he was in pain. When asked why by the officer, Plaintiff stated that he was in pain from being punched by the officers. No efforts were made by the officers to obtain medical assistance.

33.    Ultimately, Plaintiff was released and issued the following criminal charges and traffic violations by Defendant James D. Matyjasik: Penal Law § 120.20 (Reckless Endangerment in the Second Degree); Penal Law § 145.00(3) (Criminal Mischief in the Fourth Degree); Vehicle and Traffic Law §§ 1212 (Reckless Driving), 2265(3) (Failure to Insure an ATV), 2282(1) (Operation of an Unregistered ATV), 2283(1) (Failure to Display ATV Plates), 2406(2) (No Helmet), and 2406(1)(e) (Improper Lights). All criminal charges lacked the requisite probable cause to substantiate an arrest.

34.    On September 22, 2025, Buffalo City Court Judge Gary Wilson dismissed all criminal charges and traffic violations, with the sole exception of Vehicle and Traffic Law § 2282(1) for Operation of an Unregistered ATV, to which Plaintiff entered a guilty plea.

35.    As a direct and proximate result of the beating administered by Defendants, Plaintiff sustained a broken nose, facial contusions, swelling, back pain, and significant physical pain.

36.     Plaintiff sought medical treatment immediately following the incident at Well Now Urgent Care, where providers expressed concern for possible internal injuries and referred Plaintiff for a CT scan at Mercy Ambulatory Care Center due to the need for more advanced equipment.

37.     Plaintiff was prescribed antibiotics and medication for swelling and referred to a nose specialist, Dr. Belles, to determine whether surgical intervention would be required for his nasal fracture.

38.     Plaintiff was not able to be seen in a timely manner by Dr. Belles, so he sought follow-up treatment with a different specialist, Dr. Jeyapalan at Buffalo Medical Group. Plaintiff has attended approximately three to four follow-up medical appointments with Dr. Jeyapalan. While surgery was discussed as an option, Plaintiff was advised to allow the injury to heal and to reassess later.

39.     Plaintiff continues to experience ongoing symptoms, including nasal pain, periodic nosebleeds occurring several times per month, headaches, and intermittent blurry vision in his left eye.

40.     Plaintiff also experiences difficulty breathing through his nose, shortness of breath, fatigue, and new-onset snoring.

41.     These injuries interfere with his ability to wear a respirator required for his construction work and have forced him to miss work, postpone jobs, and decline other employment opportunities.

42.     Upon information and belief, the incident herein described and the resultant injuries and damages sustained were caused as a result of the negligence, carelessness, reckless disregard and/or intentional and unlawful conduct on the part of the agents, servants and/or employees of the CITY OF BUFFALO , CITY OF BUFFALO POLICE OFFICERS JAMES D. MATYJASIK, DANIEL CARLSON, LT. DAVID BARCZAK, DET. ANTHONY D'AGUSTINO, DET. ROBERT STATES, PO MARK ANDRZEJAK (AIU), AND PO ROSCOE HENDERSON.

43.     As a result of Defendants' conduct, Plaintiff William Cuebas sustained severe bodily injuries, endured physical pain and emotional distress, suffered loss of earnings and earning capacity, and was otherwise seriously and permanently injured.

**First Cause of Action for Violation of the Fourth Amendment as per 42 U.S.C. §1983 for the excessive use of force used against the Plaintiff by CITY OF BUFFALO POLICE OFFICERS JAMES D. MATYJASIK, DANIEL CARLSON, LT. DAVID BARCZAK, DET. ANTHONY D'AGUSTINO, DET. ROBERT STATES, PO MARK ANDRZEJAK (AIU), AND PO ROSCOE HENDERSON, in their individual and official capacities.**

44.     Plaintiff, William Cuebas, repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

45.     To establish a claim for excessive force, a plaintiff must show "(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." Cass v. City of Abilene, 814 F.3d 721, 731 (5th Cir. 2016). Whether the force used was excessive or unreasonable is a fact intensive inquiry that depends on the "totality of the circumstance." Tennessee v. Garner, 471 U.S. 1, 8-9 (2010).

46.     As set forth more fully in the factual background, after Plaintiff complied with officers' commands to dismount his ATV and turn around, all the above-referenced Defendant Officers immediately and without justification punched Plaintiff repeatedly in the head, face, and upper body.

47.     Plaintiff did not resist, attempt to flee, or make any threatening movements, and at no time posed a danger to the Defendant Officers or anyone else.

48.     Despite Plaintiff's compliance and non-resistance, Defendant Officers continued to strike Plaintiff with closed fists, including while he was being restrained and after he was forced to the ground. Plaintiff was given no meaningful opportunity to comply with shouted commands while the force was being applied.

49.     As a direct and proximate result of Defendants' use of force, Plaintiff sustained serious physical injuries, including a broken nose, facial contusions, swelling, back pain, and significant physical pain, requiring immediate medical attention and ongoing treatment.

50.     Defendants further failed to provide or summon medical assistance despite Plaintiff's visible injuries and complaints of pain.

51.     At the time force was used, no circumstances existed that would warrant the application of physical force. At worst, Plaintiff had committed a traffic infraction. The force employed by Defendants was grossly disproportionate to any legitimate law enforcement objective and was thus objectively unreasonable under the circumstances.

52.    Defendants' conduct reflected a reckless disregard for Plaintiff's constitutional rights and human dignity, and directly caused Plaintiff substantial physical pain, emotional distress, and lasting psychological harm.

53.    This excessive use of force by the above Defendants constitutes a violation of the Fourth Amendment as an unreasonable seizure.

54.    Plaintiff demands costs and attorney's fees pursuant to 42 U.S.C. §1988.

**Second Cause of Action for the Common Law Tort of Battery Against THE CITY OF BUFFALO, and CITY OF BUFFALO POLICE OFFICERS JAMES D. MATYJASIK, DANIEL CARLSON, LT. DAVID BARCZAK, DET. ANTHONY D'AGUSTINO, DET. ROBERT STATES, PO MARK ANDRZEJAK (AIU), AND PO ROSCOE HENDERSON, in their individual and official capacities.**

55.    Plaintiff, William Cuebas, repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

56.    The elements of a cause of action [to recover damages] for battery are bodily contact, made with intent, and offensive in nature." Tillman v Nordon, 4 AD.3d 467, 468 (2004).

57.    On the afternoon of May 25, 2025, all the above-named Defendant Police Officers intentionally and without justification made offensive and harmful bodily contact with Plaintiff by repeatedly punching him in the face, head, and upper body.

58.    They then forced him to the ground and handcuffed him.

59.    At the time, Plaintiff had complied with officers' commands, did not resist, and posed no threat to the Defendants or anyone else.

60.    Plaintiff did not consent to the physical contact.

61.    These actions were willful, deliberate, and constituted an unconsented and offensive touching under New York State law.

62.    As a direct and proximate result of Defendants' battery, Plaintiff sustained serious physical injuries, including a broken nose, facial contusions, swelling, and significant physical pain, as well as emotional distress.

63.    Despite his visible injuries and repeated requests for help, Plaintiff was neither provided care at the scene nor transported for treatment.

64.     He was subsequently detained in a marked patrol vehicle for approximately an hour before being issued an appearance ticket and released without receiving any medical attention, further exacerbating his pain and suffering.

65.     Because no medical care was provided prior to his release, Plaintiff sought treatment that evening at Well Now Urgent Care, which referred him to Mercy Ambulatory Care Center due to the seriousness of his injuries.

66.     He subsequently attended follow-up appointments with Dr. Jeyapalan, an otolaryngologist at Buffalo Medical Group, and continues to receive ongoing care, including monitoring to determine whether surgical intervention will be necessary for the broken nose.

67.     At all relevant times, the Defendant Officers were acting within the scope of their employment with the City of Buffalo Police Department. Defendant City of Buffalo is therefore liable for the battery committed by its employees under the doctrine of respondeat superior.

68.     As a result of Defendants' unlawful conduct, Plaintiff suffered physical injuries, pain and suffering, emotional distress, loss of earnings, and other damages.

### Third Cause of Action for the Common Law Tort of Assault Against THE CITY OF BUFFALO, and CITY OF BUFFALO POLICE OFFICERS JAMES D. MATYJASIK, DANIEL CARLSON, LT. DAVID BARCZAK, DET. ANTHONY D'AGUSTINO, DET. ROBERT STATES, PO MARK ANDRZEJAK (AIU), AND PO ROSCOE HENDERSON, in their individual and official capacities.

69.     Plaintiff repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

70.     "To sustain a cause of action to recover damages for assault, there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact" Cotter v Summit Sec. Servs., Inc., 14 AD.3d 475 (2005).

71.     In the present matter, Defendant Officers James D. Matyjasik, Daniel Carlson, Lt. David Barczak, Det. Anthony D'Agustino, Det. Robert States, PO Mark Andrzejak (AIU), and PO Roscoe Henderson subjected Plaintiff to an assault when they began to punch him in the head, face, and

upper body after instructing him to turn around, despite Plaintiff being fully compliant, posing no threat, and committing no unlawful act.

72.     The Defendant Officers' actions placed Plaintiff in immediate apprehension of harmful and offensive contact and were done intentionally, without justification, and in reckless disregard for Plaintiff's civil rights.

73.     Such conduct constitutes an assault that served no legitimate law enforcement purpose and was carried out maliciously, causing Plaintiff to experience extreme fear, emotional distress, and physical pain.

74.     Defendant City of Buffalo is liable for this tort under a theory of respondeat superior, as the tort took place within the scope of Defendants Officers James D. Matyjasik, Daniel Carlson, Lt. David Barczak, Det. Anthony D'Agustino, Det. Robert States, PO Mark Andrzejak (AIU), and PO Roscoe Henderson's employment.

**Fourth Cause of Action for Violation of the Fourth Amendment as per 42 U.S.C. §1983 for Unreasonable Seizure, False Arrest, and False Imprisonment Against CITY OF BUFFALO POLICE OFFICERS JAMES D. MATYJASIK, DANIEL CARLSON, LT. DAVID BARCZAK, DET. ANTHONY D'AGUSTINO, DET. ROBERT STATES, PO MARK ANDRZEJAK (AIU), AND PO ROSCOE HENDERSON, in their individual capacities.**

75.     Plaintiff, William Cuebas, repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

76.     To maintain a claim for unlawful arrest, a plaintiff must establish: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged. See, Bernard v. United States, 25 F. 3d 98, 102 (2d Cir. 1994).

77.     In the present action, Plaintiff can make out all the elements of an unlawful arrest claim regarding the actions of the Defendants.

78.     Defendants had the intent to detain or confine Plaintiff and did in fact arrest him without a legal basis.

79.     Plaintiff was unquestionably conscious of the confinement, as the Plaintiff asked what was happening when he was detained in the marked patrol vehicle and a Defendant Officer stated that Plaintiff was being arrested and began discussing the charges to be listed on the arrest form with a

co-Defendant. This not only establishes that Plaintiff was conscious of the confinement but also that he had not consented to the confinement in any way.

80.    The final element of the claim is that the confinement was not otherwise privileged. There was no warrant for Plaintiff's arrest, nor was Plaintiff engaged in any criminal activity that would have given rise to probable cause. The Defendant Officers - plainclothes officers operating an unmarked vehicle - suddenly exited their car and approached Plaintiff without identifying themselves as law enforcement. Startled and fearing for his safety, Plaintiff inadvertently released the clutch of his ATV, causing it to move forward and make brief contact with the unmarked vehicle. Plaintiff then immediately dismounted the ATV voluntarily and offered no resistance, complying with the officers' orders. Despite this, the Defendants beat him and placed him under arrest.

81.    The Defendant Officers had no reasonable basis to believe that Plaintiff was committing, had committed, or was about to commit a criminal offense.

82.    Although Plaintiff was later charged with multiple offenses, all charges were ultimately dismissed except for a minor vehicle registration infraction. The dismissal of these charges underscores that the arrest was made without probable cause and that Plaintiff's confinement was not privileged.

83.    Defendants' arrest of Plaintiff was designed to intimidate and harass the Plaintiff. Simply put, it was not a legitimate use of governmental power.

84.    Such conduct, in conjunction with all facts alleged herein this complaint, constitutes that all named Defendants caused, in whole or in part, Plaintiff to be unreasonably seized and falsely imprisoned as defined by law.

85.    Such deprivation of Plaintiff's right to liberty and happiness were in violation of the rights secured to Plaintiff by the Fourth Amendment of the United States Constitution and by Title 42 U.S.C. § 1983.

86.    As a result of the above-referenced Defendant's deprivation of Plaintiff's civil and Constitutional rights, Plaintiff has been emotionally distraught, and sustained severe mental anguish, humiliation, and severe emotional distress as a result thereof, all in an amount to be determined at trial.

87.    Plaintiff demands costs and attorney fees pursuant to 42 U.S.C. § 1988.

**Fifth Cause of Action for the State Claim of False Arrest and False Imprisonment Against THE CITY OF BUFFALO and CITY OF BUFFALO POLICE OFFICERS JAMES D. MATYJASIK, DANIEL CARLSON, LT. DAVID BARCZAK, DET. ANTHONY D'AGUSTINO, DET. ROBERT STATES, PO MARK ANDRZEJAK (AIU), AND PO ROSCOE HENDERSON, in their individual and official capacities.**

88.    Plaintiff, William Cuebas, repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

89.    The elements for a state claim for illegal arrest and imprisonment are identical to those of a federal claim in the second circuit.

90.    Further and in this instance, (1) a notice of claim was served on or about August 22, 2025; (2) at least thirty days elapsed since the notice of claim was filed and before this complaint will be filed; and (3) in that time, the defendant neglected or refused to satisfy the claim." Coggins v. Cty. Of Nassau, 988 F. Supp. 2d 231, 251 (EDNY 2013).

**Sixth Cause of Action for violations of the Fourth, Sixth, and Fourteenth Amendments of the US. Constitution as per 42 U.S.C. § 1983 for Plaintiff's right to be free from malicious prosecution against THE CITY OF BUFFALO and CITY OF BUFFALO POLICE OFFICERS JAMES D. MATYJASIK, DANIEL CARLSON, LT. DAVID BARCZAK, DET. ANTHONY D'AGUSTINO, DET. ROBERT STATES, PO MARK ANDRZEJAK (AIU), AND PO ROSCOE HENDERSON, in their individual and official capacities.**

91.    Plaintiff, William Cuebas, repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

92.    To prevail on a § 1983 claim for malicious prosecution, a Plaintiff must plead (1) the initiation or continuation of a criminal proceeding; (2) termination of the proceeding in his favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the Defendants' actions." Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997).

93.    In the case at hand, the Plaintiff was arrested on two misdemeanor charges, Reckless Endangerment in the Second Degree (§ 120.20) and Criminal Mischief in the Fourth Degree (§ 145.00 (3)). He was also issued several traffic violations, including reckless driving, failure to insure a limited

use vehicle, operating an unregistered ATV, failure to display a registration number, operating an ATV without a helmet, and having improper lighting on an ATV.

94.     To maintain a claim that Reckless Endangerment in the Second Degree was committed under the relevant subsection, an individual must recklessly engage in conduct which creates a substantial risk of serious physical injury to another person.

95.     As set forth previously, Plaintiff's conduct did not, under any reasonable interpretation, constitute reckless endangerment. Although Plaintiff was operating an unregistered ATV, he was doing so in a controlled and non-threatening manner when plainclothes officers in an unmarked vehicle suddenly pulled up alongside him without identifying themselves as police. Said Officers jumped out without identifying themselves and violently seized Plaintiff, thereby creating a potentially dangerous situation. Startled by the unexpected approach of unidentified individuals jumping from the vehicle, Plaintiff instinctively released the clutch and momentarily accelerated, causing his ATV to make minor contact with the unmarked car. This brief and inadvertent contact resulted solely from the Defendants' sudden and aggressive actions and did not place any person at substantial risk of serious physical injury. At no time did Plaintiff drive in a manner that could reasonably be described as reckless or dangerous to others. Upon realizing the individuals were police officers, Plaintiff immediately dismounted the ATV, raised his hands, and complied with their instructions, further demonstrating the absence of any reckless intent or conduct.

96.     Thus, the Defendants instituted this charge against Plaintiff without the requisite probable cause.

97.     Similarly, to maintain a claim that Criminal Mischief in the Fourth Degree was committed under the relevant subsection, the prosecution must establish that the individual, having no right to do so nor any reasonable ground to believe that he or she had such right, recklessly damaged the property of another person in an amount exceeding two hundred fifty dollars.

98.     Again, Plaintiff merely made brief and inadvertent contact with the Defendants' unmarked vehicle after being startled by plainclothes officers who suddenly jumped out of the car without identifying themselves as police. Any resulting damage was minimal and occurred solely because of the Defendants' unexpected and aggressive approach, which caused Plaintiff to momentarily release the clutch of his ATV and accelerate briefly. Plaintiff did not intentionally or recklessly damage property, nor did he act with any malicious or unlawful intent. Moreover, there is no evidence that any property damage sustained exceeded two hundred fifty dollars, as required to establish Criminal

Mischief in the Fourth Degree. Indeed, there is no indication that any damage was done to the police vehicle. Accordingly, Plaintiff's actions do not meet the statutory elements of the offense in any respect.

99.    Hence, the Defendants also instituted this charge against Plaintiff without the requisite probable cause.

100.    As the lack of probable cause to initiate these proceedings has been sufficiently pled, there is no need to independently plead malice. Malice can be inferred from the lack of probable cause. Cruz v. City of New York, No. 08 Civ. 8640 (LAP), 2010 WL 3020602, at (S.D.N.Y. July 27, 2010); Bleiwas v. City of New York, No. 15 CIV. 10046 (ER), 2017 WL 3524679, at (S.D.N.Y. Aug. 15, 2017).

101.    Plaintiff was required to appear in court on five separate occasions in connection with these unlawful charges before all criminal charges and the majority of traffic violations were dismissed on September 22, 2025. The only charge that remained was the traffic violation for operating an unregistered vehicle, to which Plaintiff pled guilty.

102.    Accordingly, Plaintiff suffered a sufficient post-arrest deprivation of liberty to trigger a different form of seizure than that of the arrest itself and thus, a malicious prosecution claim is warranted. Swartz v. Insogna, 704 F.3d 105 (2nd Circuit Court of Appeals, 2013). He was forced to appear in Court on roughly four occasions.

103.    Importantly, it should be noted that according to the Erie County District Attorney's Office who prosecuted the matter, NONE of the Officers were wearing operable body cams at this time, which is in violation of their own policy.

104.    It is believed that the Defendant Officers were wearing body cameras but on account of the misconduct and malfeasance as referenced above, they are not providing the footage.

## Punitive Damages against all Defendants aside from the
## City of Buffalo, in their individual Capacities

105.    Plaintiff incorporates by reference all of the allegations set forth herein in this Complaint as if fully set forth herein.

106.    All Defendants, in their individual capacities, were deliberately indifferent to Plaintiff's Constitutional rights as a result of their unconscionable and unjustified force and arrest of said Plaintiff who was doing nothing even remotely improper or illegal.

107.    Punitive damages are justified against the above-stated Defendants for their deliberate indifference and malice towards the Plaintiff herein.

WHEREFORE, the Plaintiff demands judgment on the above counts against the Defendants, their units, their officers, employees, against and other persons acting in concert or participation with them as stated above, and award the following amounts:

   a. Compensatory damages in favor of the Plaintiffs in an amount to be determined by a jury;
   b. Exemplary damages in favor of the Plaintiff;
   c. Costs of this action, including reasonable attorney fees to the Plaintiff Pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, U.S.C. 1988 (1976); and
   d. Such other relief as the court may deem appropriate.

DATED:    February 9, 2025
          Darien Center, New York

By:    /s/ Matthew Albert, Esq.
       The Law Offices of Matthew Albert Esq.
       2166 Church Rd.
       Darien Center, New York 14040
       mattalbertlaw@gmail.com
       Office: (716) 445-4119
       Fax: (716) 608-1388